Sullivan, J.
This is an action in tort for injuries alleged to have been received by the plaintiff while a pedestrian and travelling on the sidewalk opposite 50 Derby Street, in the City of Somerville, because of a defect therein.
The question to be determined is, as to the sufficiency of the notice sent by the plaintiff to the defendant, as required by the Acts of 1933 'Chap. 114, §3, which amends Gf. L. (Ter. Ed.) c. 84, §20. Said notice was sent as registered mail.
The following is a copy of the notice:
*455 “Telephone: Mystic 6215 Residence: Mystic 5448-W
WILLIAM E. FITZGERALD
Attorney and Counsellor at Law 11 Riverside Avenue Medford, Mass.
April 11, 1934.
City of Somerville,
City Hall, Somerville, Mass.
Gentlemen:
This is to notify you that on Saturday March 31, 1934 at or about 6.45 P. M. while I was using the sidewalk on Derby Street, Somerville, I was injured seriously due to a defect consisting of a depression in the sidewalk in front of #50 Derby Street, in said Somerville, Mass.
Very truly yours,
(Signed) MELDON WELCH.”
The “Return Receipt” acknowledged the notice to have been received by the “City of Somerville (Signature of Addressee), M. E. Whittle (Signature of Addressee’s Agent) Date of delivery 4/12/34.”
The return of this receipt was sent to “W. E. Fitzgerald 11 Riverside Avenue, Medford Branch, Boston, Mass.”
•No “counter notice” was sent by the defendant to the plaintiff.
The following requests were filed by the plaintiff:
1. As a matter of law, the notice sent by registered mail to the defendant constitutes a proper legal notice.
2. As a matter of law, if there was any defect in said notice, the defendant was obliged by law to demand a different notice within five days from receipt of same.
3. As a matter of law, a depression in the sidewalk to a depth of six inches constitutes a defect within the meaning of the law.
*456 4. As a matter of law, if the defendant allowed this condition to exist a few days before the accident this amounts to notice on the part of the defendant of the existence of said defect, and they should have remedied same.
5. The plaintiff proceeding along said sidewalk in the dark and stepping into depression, his foot catching the edge of the hole, cannot be said to be lacking in due care.
6. As a matter of law the defendant was bound to keep the sidewalk in a safer condition than it was at the time of the accident.
7. Allowing the sidewalk to remain in the defective condition, constructive notice can be said to be on the part of the defendant.
8. As a matter of law, the notice to the defendant is not misleading.
The trial judge disposed of them in the following language, i. e., 1. “Notice by registered mail may or may not be propér; here in this ease, notice required not given as did not give place of residence. 2. Refused: in original notice no residence given, hence did not have to give 5 days notice. 3. Immaterial, because of rulings 1 and 2; 4 & 5. Immaterial. 6. Given, but not material. 8. Not misleading, but not in compliance with Statute.”
There was a finding for the defendant on motion. The report contains all the evidence material to the issues involved.
The notice to the defendant indicates that it was sent by the plaintiff as it states that “ ‘F (meaning the plaintiff) was using the sidewalk” and “ ‘F was injured seriously . . .” and signed by the plaintiff “Meldon Welch,” though it was written on the letter head of the plaintiff’s counsel. It does not appear in this notice that William E. Fitzgerald, Esq. was acting at the time as counsel or agent for the plaintiff or that he had authority from the plaintiff to send it. Nowhere on the “Return Receipt” is the plaintiff’s name or address given, nor is there a request *457 that the receipt be sent to him, or his agent or attorney or any one acting in his behalf.
The statute states that . . . “if the notice does not contain either the place of residence of the person injured, or the place of residence or business address of the person giving or serving the notice on behalf of the person so injured, such notice of insufficiency shall not be required, and the defendant may avail himself in defense of any omission or defect in the notice ...”
While the notice sent is written on the letter head of the Attorney for the plaintiff, it is signed by the plaintiff without his address and the defendant is unable therefore to send its “counter notice” to the plaintiff and it does not appear by the notice that it was sent by the plaintiff’s attorney as the latter’s signature nowhere appears.
Because the letter head of the Attorney for the plaintiff was used it does not follow that it was used with the authorization of the attorney.
It follows that the notice was not sent in accordance with the statute, i. e., Acts 1933, c. 114, §3 and the defendant was not required to send the “counter notice” of insufficiency and is within its rights in availing itself of such omission.
No cases have been cited in the briefs by either of the parties in support of their contentions and our Supreme Court has not at the present writing been called upon to construe the statute.
There is no error shown in the trial court’s disposition of the plaintiff’s requests for rulings. It is unnecessary to discuss them and entry will be made of
Report dismissed.